MURDOCK, Judge,
concurring in the result.
The trial court’s judgment in this case is a judgment well grounded in the law, common sense, and human experience. I therefore concur in the result of affirming that judgment.
I cannot, however, agree with the main opinion’s rationale for affirming the trial court’s judgment. The main opinion affirms the trial court’s judgment by attempting to distinguish the facts of the present case from those in Ex parte W.T.M., 851 So.2d 55 (Ala.Civ.App.2002) (plurality opinion).
As a threshold matter, I note that the main opinion in W.T.M. was not joined by a majority of this court but was merely a plurality opinion. Consequently, it does not constitute a binding precedent that must be distinguished in order to affirm the trial court’s judgment in the present case.
Second, I do not agree that the facts of the present case — as strong as they are in favor of a custody award to the nonrela-tives — support the award of custody to nonrelatives more strongly than did the facts in W.T.M. I refer the reader to the discussion of the facts in W.T.M. as set out in my dissenting opinion in Ex parte W.T.M., 851 So.2d at 61-63 (Murdock, J., dissenting), which discussion ends as follows:
“[The child] is now five and one-half years old. Every witness testified that the child is a happy, loving child. The trial court, in its discretion, awarded custody of [the child] to S.P., who has had physical custody of the child since she was an infant and who has provided the only home, and in a real sense, has been the only mother, the child has ever known.”
851 So.2d at 63.
Third, even if one were to accept the main opinion’s view that the facts of the present case more strongly support a custodial award to a nonrelative than did the facts in W.T.M., the distinction drawn by the main opinion between the two sets of facts would be immaterial under the legal standard sought to be applied by the plurality opinion in W.T.M. As that opinion, itself, explained:
“The juvenile court’s factual findings — that S.P. had had physical custody of the child for 3½ years, that S.P. had provided the child with a loving and nurturing environment, and that S.P. had given the child excellent care — are fully supported by the record. However, those factual findings are insufficient, as a matter of law, to overcome the statutory policies and preferences expressed in § 12-15-1.1 and § 12-15-62(c), Ala.Code 1975.”
*672 851 So.2d at 58 (emphasis added). The main opinion in W.T.M. then analyzed at length two federal statutes and concluded that the discretion given to juvenile courts to discern and act upon the best interests of the child was significantly limited by those statutes and subsequent amendments to the Alabama Juvenile Justice Act, Ala.Code 1975, § 12-15-1 et seq., enacted by our legislature. 851 So.2d at 58-60. I disagreed at length with the main opinion’s discussion of both Alabama and federal law, including in particular the main opinion’s view of how “the statutory policies and preferences expressed in § 12-15-1.1 and § 12-15-62(c), Ala.Code 1975,” were to be construed and applied. 851 So.2d at 58. I offered an alternative exposition of Alabama law in which I concluded, among other things, that although Congress had conditioned certain federal appropriations on a state’s enacting certain amendments to its statutes governing foster care, the ultimate discretion of Alabama trial courts to decide the best interests of children in making custody awards remained intact. By this reference, I incorporate herein and adopt as part of this writing my discussion of applicable Alabama law set out in my dissenting opinion in Ex parte W.T.M. See 851 So.2d at 61-71.
Consistent with the foregoing, I believe that the proper analytical approach to the disposition of the case now before us is (a) to acknowledge that the main opinion in W.T.M. was merely a plurality opinion that has no binding precedential impact upon this or future cases and (b) to analyze the record and the trial court’s judgment in the present case, and to affirm that judgment, based on Alabama law as explained in my dissenting opinion in W.T.M.